FILED

2019 Aug-28  PM 03:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

Pro Se 14 (Rev. 09/16) Complaint for Violation of Civil Rights (Prisoner)

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA

CALVIN D. TURNER
*Plaintiff*
*(Write your full name. No more than one plaintiff may be named in a complaint.)*

-v-

Case No. 2:19-CV-1412-RDP-JHE
*(to be filled in by the Clerk's Office)*

GWENDOLYN GIVENS, WARDEN III
*Defendant(s)*
*(Write the full name of each defendant who is being sued. If the names of all of the defendants cannot fit in the space above, please write "see attached" in the space and attach an additional page with the full list of names. Do not include addresses here. Your complaint may be brought in this court only if one or more of the named defendants is located within this district.)*

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis*.

Mail the original complaint and the filing fee of $400.00 or an Application to Proceed *In Forma Pauperis* to the Clerk of the United States District Court for the Northern District of Alabama, Room 140, Hugo L. Black U.S. Courthouse, 1729 5th Avenue North, Birmingham, Alabama 35203-2195.

1

## I.   The Parties to this Complaint

## A.   The Plaintiff

Provide the information below for the plaintiff named in the complaint.

| | |
|---|---|
| Name | CALVIN D. TURNER |
| All other names by which you have been known: | |
| ID Number | # 152408 |
| Current Institution | W.E. DONALDSON CORRECTIONAL FACILITY |
| Address | 100 WARRIOR LANE |
| | BESSEMER        AL        35023 |
| | *City*          *State*    *Zip Code* |

## B.   The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title *(if known)* and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1

| | |
|---|---|
| Name | GWENDOLYN GIVENS |
| Job or Title *(if known)* | CORRECTIONAL WARDEN III |
| Shield Number | |
| Employer | STATE OF ALABAMA |
| Address | 100 WARRIOR LANE |
| | BESSEMER        AL        35023 |
| | *City*          *State*    *Zip Code* |

☒ Individual Capacity   ☒ Official Capacity

Defendant No. 2

| | |
|---|---|
| Name | JEFFERSON DUNN |
| Job or Title *(if known)* | COMMISSIONER FOR THE DEPARTMENT OF CORRECTIONS |
| Shield Number | |
| Employer | STATE OF ALABAMA |
| Address | 301 SOUTH RIPLEY STREET |
| | MONTGOMERY      AL        36130 |
| | *City*          *State*    *Zip Code* |

☐ Individual Capacity   ☒ Official Capacity

Defendant No. 3

| | |
|---|---|
| Name | CO1_CLARK |
| Job or Title *(if known)* | CORRECTIONAL OFFICER |
| Shield Number | |
| Employer | STATE OF ALABAMA |
| Address | 100 WARRIOR LANE |
| | BESSEMER |

BESSEMER     AL     35023
*City*     *State*     *Zip Code*

☒ Individual Capacity    ☒ Official Capacity

Defendant No. 4

| | |
|---|---|
| Name | CO1 HARRIS |
| Job or Title *(if known)* | CORRECTIONAL OFFICER |
| Shield Number | |
| Employer | STATE OF ALABAMA |
| Address | 100 WARRIOR LANE |

BESSEMER     AL     35023
*City*     *State*     *Zip Code*

☒ Individual Capacity    ☒ Official Capacity

## II.   Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal law]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain constitutional rights.

A.   Are you bringing suit against *(check all that apply)*:

☐   Federal officials (a *Bivens* claim)

☒   State or local officials (a § 1983 claim)

B.   Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities, secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

THERE IS REASONABLE CAUSE TO BELIEVE THAT THE CONDITIONS AT
DONALDSON CORRECTIONAL FACILITY VIOLATES THE 8th and 14th
AMENDMENTS TO THE UNITED STATES CONSTITUTION.

3

C. Plaintiffs suing under *Bivens* may only recover for violation of certain constitutional rights. If you are suing under *Bivens,* what constitutional right(s) do you claim is/are being violated by federal officials?

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens,* explain how each defendant acted under color of federal law. Attach additional pages if needed.

SEE ATTACHED SHEETS

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply):*

☐ Pretrial Detainee

☐ Civilly committed detainee

☐ Immigration detainee

☒ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other
*(explain)*

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

SEE ATTACHED SHEETS

4

C.  What date and approximate time did the events giving rise to your claim(s) occur?

SEE ATTACHED SHEETS

D.  What are the facts underlying your claim(s)? *(For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)*

SEE ATTACHED SHEETS

## V.   Injuries

If you sustained injuries related to the events alleged above, describe your injuries in detail.

SEE ATTACHED SHEETS

## VI.   Relief

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

SEE ATTACHED SHEETS

VII.     **Exhaustion of Administrative Remedies Administrative Procedures**

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A.     Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☒  Yes

☐  No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

_____DONALDSON CORRECTIONAL FACILITY_____

B.     Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐  Yes

☒  No

☐  Do not know

C.     Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐  Yes

☒  No

☐  Do not know

If yes, which claim(s)?

_____

_____

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

   _____ N/A _____

2. What did you claim in your grievance?

   _____ N/A _____

3. What was the result, if any?

   _____ N/A _____

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. *(Describe all efforts to appeal to the highest level of the grievance process.)*

   _____ N/A _____
   _____
   _____
   _____
   _____
   _____
   _____
   _____

7

F.   If you did not file a grievance:

    1.   If there are any reasons why you did not file a grievance, state them here:

                                           N/A

    2.   If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

                                           N/A

G.   Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

                                         N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII.   Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had any cases dismissed based on grounds that it was frivolous, malicious, or failed to state a claim upon which relief may be granted?

☐   Yes

☒X   No

If yes, state which court dismissed your case(s), when this occurred, and attach a copy of the order(s) if possible.

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes

☒☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit

   Plaintiff(s) _____

   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*

   _____

3. Docket or index number

   _____

4. Name of Judge assigned to your case

   _____

5. Approximate date of filing lawsuit

   _____

6. Is the case still pending?

   ☐ Yes

   ☒☒ No

If no, give the approximate date of disposition. _____

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   _____

9

**IX.    Certification and Closing**

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

**I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.**

| | | | |
|---|---|---|---|
| Printed Name of Plaintiff | CALVIN D. TURNER | | |
| Prison Identification # | 152408 | | |
| Prison Address | 100 WARRIOR LANE | | |
| | BESSEMER | AL | 35023 |
| | *City* | *State* | *Zip Code* |

I declare under penalty of perjury that the foregoing is true and correct.

Executed on     8-26-19
                   (Date)

     Calvin D. Turner
Signature of Plaintiff

10

## ATTACHED SHEETS

II. BASIS FOR JURDICTION:

This action is brought pursuant to 42 U.S.C., Section 1983. This Court has

jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C., Section 1331 and 1342,

and the United States Constitution.

This Court is authorized to grant declaratory and injuctive relief under 28

U.S.C., Section 2201 and 2202.

III. VENUE:

The Northern District of Alabama is the appropriate venue for this action under

28 U.S.C., Section 1391 (b), because a "substantial part of the events or omissions

giving raise to the claims occurred" in this district. Specifically, decisions about

staffing, investigations, maintenance and repairs, and the number of perople

housed at Donaldson are made at the Central Office of the Department of

Corrections in Montgomery, Alabama. In addition, one of more of the defendants

lives in this district and all of the Defendants reside in the State of Alabama.

B. Under 42 U.S.C., Section 1983, there is cause to belive that the conditions at

William E. Donaldson Correctional Facility violates the 8th and 14th Amendments

of the United States Constitution.

PARTIES:

1. Calvin Turner #152408, (hereinafter Turner) avers that he is currently incarcerated at William E. Donaldson Correctional Facility (hereinafter Donaldson), located at 100 Warrior Lane, Bessemer, Alabama 35023.

2. Gwendolyn Givens, is employed with the Alabama Department of Corrections at Donaldson as Warden III, and is responsible for the day to day operations of the prison. Warden Given is being sued in her individual and official individual capacity.

3. Jefferson Dunn, is Commissioner of the Alabama Department of Corrections (hereinafter ADOC). As Commissioner, Dunn is responsible for the daily supervision of and operations at ADOC. Dunn is the highest ranking official in ADOC. Dunn, is being sued in his official capacity.

4. CO1 Clark, is a correctional officer for ADOC. CO1 Clark, is employed at Donaldson Correctional Facility, located at 100 Warrior Lane, Bessemer, Alabama 35023. CO1 Clark is being sued in his individual and official capacity.

5. CO1 Harris, is a correctional officer for ADOC. CO1 Harris, is employed at Donaldson Correctional Facility, located at 100 Warrior Lane, Bessemer, Alabama 35023. CO1 Harris, is being sued in his individual and official capacity.

GROUND ONE: <u>PRISON OVERCROWDING AND UNDERSTAFFING</u>

<u>SUPPORTING FACT:</u>

Warden Gwendolyn Givens, Commissioner Jefferson Dunn, CO1 Clark and

CO1 Harris, are violating Turner's Eighth Amendment Rights to be free from

Cruel and Unusual Punishment. The prison conditions here at Donaldson is a

combination of ADOC's overcrowding and understaffing results in prisons that are

inadequately supervised, with inappropriate and unsafe housing designation,

creating an environment where Turner's saftey is always at risk of serious physical

injury. Warden Givens, Commissioner Dunn, CO1 Clark and CO1 Harris are all

well aware of the dangerous conditions inside Donaldson.

On August 9, 2019, Turner was sitting on the TV bench watching the World

News when Turner was attacked by inmate R. Milstend. Inmate R. Milstend, cut

Turner around the neck with a prison made knife. Turner was taken to the

healthcare unitfor medical treatment.

Turner, is assigned to C&D Block, that house 182 inmates 96 on C side and 96

on D side. ADOC Regulations designate C&D Block as "a security post". Due to

the understaffing often times there's only one rover to conduct security checks in

the blocks. On August 9, 2019, CO1 Clark and CO1 Harris were assigned to C&D

Block. When inmate Milstend attacked Turner with a knife CO1 Clark and CO1

Harris were both in the cubicle watching inmate Milstend attack Turner. The cut to

Turner's neck required stiches. Inmate Milstend, just missed Turner's jugular vein.

Due to overcrowding, the currect level of security staff is insufficient to
properly run Donaldson. There is a shortage of corectional officers throughout
ADOC, but the staff shortage at Donaldson is particularly acute. Former Warden
Bullard, described the shortage of officers at Donaldson as a crisis and wrote a
former commissioner stating: "I am concerned it is going to take a lawsuit, riot,
death or serious injury for anyone to take this crisis seriously" Over the pasted ten
years, more than 50% of the authorized officers position at Donaldson are empty.
Warden Given and Commissioner Dunn, has done nothing to relieve the
overcrowding at Donaldson. As a result of the lack of security and overcrowding
inside Donaldson, the Defendants are deliberate indifference to the safety of
Tuner.

PRAYER FOR RELIEF:

Wherefore, Turner respectfully pray that this Court:

1. Assume jurisdiction over this action;

2. That this Court order Defendants CO1 Clark, CO1 Harris, and Warden Givens
to pay Turner in the amount of $25,000.00 for their deliberate indifference to
Turner's safety;

3. That this Court conduct an unanounced inspection of Donaldson;

4. Adjudge and declare that the acts and ommissions of the Defendants violates the
Eighth and Fourteenth Amendments of the United States Constitution;

5. That this Court grant discovery in this matter; and

6. Award Turner the cost of this lawsuit.

Respectfully Submitted,

Calvin D. Turner